IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA COLLINS, | No. C 04-01677 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING CASE** |
| v. | |
| JOANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

On April 29, 2004, plaintiff filed a complaint with this Court seeking judicial review of the Administrative Law Judge (ALJ) decision not to reopen a 1995 Social Security disability insurance benefits (DIB) application. Plaintiff has filed a motion for summary judgment, and defendant has filed a cross motion for summary judgment. After reviewing the parties' original summary judgment briefs, the Court ordered supplemental briefing on several issues. Having carefully considered the papers submitted, the Court hereby GRANTS plaintiff's motion, DENIES defendant's motion, and REMANDS for further proceedings consistent with this order.

**BACKGROUND**

Plaintiff alleges that she filed a DIB application 1995, claiming that she had been disabled since 1991, but the application was denied. Administrative Transcript ("Tr.") at 7, 11. Plaintiff did not seek reconsideration or otherwise appeal that denial. Plaintiff states she did not seek review of the 1995 decision because she was suffering from psychological problems at the time. Tr. 11.[1]

---

[1] It is not clear from the record whether plaintiff was acting *pro se* when she applied for disability benefits in 1995. She was represented by counsel with respect to the appeal of her 1998 application, and the record contains an Appointment of Representative dated October 1998.

On February 12, 1998, plaintiff filed another DIB application, again claiming that she had been disabled since 1991. Tr. 78-81. Plaintiff has been diagnosed with depression caused by anxiety disorders as well as borderline personality traits. Tr. 201-03, 224. On May 14, 1998, her application was initially denied. Tr. 33. Plaintiff then petitioned the ALJ for a hearing on her disability status. Tr. 56. The ALJ dismissed her request for a lack of jurisdiction because plaintiff had failed to exhaust administrative procedures by not filing for a reconsideration determination, and remanded to the district office of the Social Security Administration ("SSA") for reconsideration. Tr. 57-60. Thereafter, on January 13, 2000, the SSA issued a determination, after undertaking reconsideration, that plaintiff has been disabled since December 31, 1992. Tr. 61-62.

On March 13, 2000, plaintiff requested a hearing to reopen the 1995 DIB application. Tr. 63. Plaintiff made multiple requests to the SSA to locate the 1995 DIB application. Tr. 14-15. In a decision dated September 5, 2003, ALJ Parks dismissed plaintiff's request for a hearing on her request to reopen the 1995 application. Tr. 18. The ALJ stated:

> The claimant was awarded benefits based on an application filed on February 12, 1998 with an onset date of December 31, 1992. The claimant alleges a prior 1995 claim should have been reopened. Although, there is no record of reconsideration on the 1995 [application], it appears it could have been reopened. The problem is that new and material evidence of the 1995 Application is insufficient. No existing record reflects a claim was processed on February 22, 1995. . . .
>
> After reviewing the case, I order a dismissal because no greater relief can be granted by reopening [the] 1995 Application. Therefore, the request for reopening is hereby denied and dismissed without the necessity of a hearing since no new and material [evidence] could be presented at any hearing.

*Id.* The Appeals Council denied plaintiff's request for review, see Tr. 5-6, and now plaintiff seeks judicial review. Plaintiff contends that the ALJ erred in concluding that "no greater relief can be granted" by reopening the 1995 application because if that application were reopened, she would be entitled to approximately 3 more years of disability benefits. Plaintiff also contends that the SSA never responded to any of her multiple letters requesting the SSA to look for her 1995 application, and that SSA denied her due process by failing and refusing to look for the application.

**DISCUSSION**

**1.    Jurisdiction**

The parties dispute whether this Court has jurisdiction over plaintiff's appeal. In *Evans v. Chater*, 110 F.3d 1480 (9th Cir. 1997), the Ninth Circuit held that a district court has jurisdiction to review a decision not to reopen a prior, final benefits decision if the claimant raises a colorable constitutional claim that (1) relates to the manner or means by which the SSA decided not to reopen a prior decision, or (2) implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination in connection with the application that the claimant seeks to reopen. *Id.* at 1483.

The Court concludes that it has jurisdiction to review the ALJ's decision not to reopen the 1995 application. Plaintiff has asserted a colorable due process violation because she alleges that the ALJ made an error of law by denying her request on the ground that she would be entitled to the same amount of benefits under the 1995 application as she was receiving under the 1998 application. *See Panages v. Bowen*, 871 F.2d 91, 93 (9th Cir. 1989). The Court also notes that plaintiff states that she did not appeal the denial of her 1995 application because she was suffering from psychological problems at the time, and the record is unclear whether plaintiff was proceeding *pro se* at the time. The Ninth Circuit has concluded that these factors are also sufficient to assert a colorable constitutional claim. *See Evans*, 110 F.3d at 1483.

**2.    Merits**

The Court notes that in the initial round of summary judgment briefing, defendant contended that the ALJ was correct and that plaintiff would receive no greater benefits under the 1995 application than under the 1998 application. Although plaintiff contended in her briefs that she would be entitled to additional benefits under the 1995 application, she did not provide authority for this contention. After the Court located a regulation which appeared to support plaintiff's position (20 C.F.R. § 404.621(a))[2], the Court directed further briefing on the benefit onset date under the 1998 application, and whether 20 C.F.R. § 404.621(a) limited the retroactivity of disability insurance benefits to 12 months prior to the date of application.

---

[2] Section 404.621(a) provides, "If you file an application for disability benefits . . . you may receive benefits for up to 12 months immediately before the month in which your application is filed."

3

In its supplemental brief, defendant now acknowledges that Section 404.621(a) applies and that the benefit onset date under the 1998 application is February 1997. Thus, if the SSA had reopened plaintiff's application, she would have received approximately 3 more years of additional retroactive benefits. *See Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir. 2001).

The Court concludes that the ALJ committed an error of law in dismissing plaintiff's request to reopen the 1995 application because the dismissal was based on an incorrect application of Section 404.621(a). *See Sprague v. Bowen*, 812 F.2d 1226, 1229 (9th Cir. 1987). Because the SSA may reopen the 1995 application "for good cause," the Court REMANDS for a determination whether such good cause exists. 20 C.F.R. § 404.988(b). The Court notes that it appears such good cause would exist given that SSA has already concluded that plaintiff was disabled as of December 1992, and in light of plaintiff's statement that she did not seek review of the 1995 application because of her psychological problems.[3]

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion for summary judgment, DENIES defendant's motion for summary judgment, and REMANDS for a determination on whether plaintiff's 1995 application should be reopened.

**IT IS SO ORDERED.**

Dated: November ___, 2005

SUSAN ILLSTON
United States District Judge

---

[3] In making a determination whether good cause exists to reopen the 1995 application, the SSA will necessarily be required to search for documentation that the 1995 application was actually filed. Accordingly, the Court need not reach plaintiff's contention that SSA's failure to search for the 1995 application constituted a due process violation.