IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA COLLINS,<br><br>            Plaintiff,<br><br>   v.<br><br>JOANNE B. BARNHART,<br><br>            Defendant.                                          / | No. C 04-01677 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. § 2412** |

Plaintiff Dana Collins brought suit against the Social Security Administration, an agency of the United States, seeking judicial review of a decision by an administrative law judge ("ALJ") not to reopen a 1995 Social Security disability insurance benefits application. By order filed November 8, 2005, the Court granted plaintiff's motion for summary judgment, denied defendant's motion for summary judgment, and remanded the case to the SSA.

Plaintiff has filed a motion to recover attorney's fees and costs pursuant to 28 U.S.C. § 2412. Defendant contends that plaintiff is not entitled to statutory fees, or in the alternative, that the claimed fees are excessive. Having carefully considered the papers filed by the parties, the Court GRANTS plaintiff's motion, but awards a lesser amount than that requested by plaintiff.

**1.     Entitlement to Fees and Costs**

Title 28 U.S.C. § 2412 provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for

judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Barring special circumstances, plaintiff is entitled to fees and costs unless the position of the United States was substantially justified. Substantially justified means "reasonable bas[ed] both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court concludes that defendant's position was not substantially justified. In the initial round of summary judgment briefing, defendant contended that the ALJ correctly applied the law and that plaintiff would receive no greater award of benefits under the 1995 application than under the 1998 application. However, after the Court ordered supplemental briefing on the applicability of 20 C.F.R. § 404.621(a), defendant changed its position and acknowledged that the ALJ had erroneously applied the law, but that such error was irrelevant. The Court concludes that defendant's position was not substantially justified because it was based, in significant part, on a misapplication of the law. Accordingly, plaintiff is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 2412.

**2.     Amount of Fees and Costs**

**A.     Hourly Rate**

Under 28 U.S.C. § 2412(d)(2)(A), "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Plaintiff requests an hourly rate of $200 per hour based on her assertion that there are a limited number of attorneys who are willing to pursue this type of case. Plaintiff also contends that this case was atypical, requiring distinctive knowledge and special skill was needed.

The Court disagrees. As other courts have held, the fact that plaintiff's attorney specializes in social security cases does not in itself warrant a fee enhancement. *See Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). The fact that the Court had to request supplemental briefing further militates against awarding a fee enhancement.

In the alternative, plaintiff requests an hourly rate of $125 per hour, plus a cost of living adjustment based upon the Consumer Price Index for All Urban Consumers ("CPI-U") for a given

month to the baseline date of March 29, 1996. Defendant does not object to this method for adjusting the hourly rate. Accordingly, the Court agrees and plaintiff will be reimbursed at a rate adjusted by CPI-U ratios, that adjust the hourly rate for increases in the cost of living.[1]

### B. Number of Hours

Plaintiff has requested compensation for 78.0 hours of work in her opening brief and an additional 11.25 hours in her reply brief, for a total of 89.25 hours. Defendant argues that this amount is excessive. The Court agrees with defendant. The number of hours allowed should be reasonable, and plaintiff carries the burden to prove reasonableness. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* Moreover, time spent on work that is excessive, redundant, or otherwise unnecessary is not reasonable and is not allowable. *Id.*

With these principles in mind, the Court has made the following adjustments to reach a reasonable fee award:

| Date | Hours | Description |
|---|---|---|
| (4/27/04) | 0.6 hour | Preparing complaint, civil cover sheet, and summons (1.5 hours requested); |
| (4/30/04) | 0.1 hour | Procedural order (.25 hour requested); |
| (5/16/04) | 0.1 hour | Receipt of Clerk's notice re e-filing (.23 hour requested); |
| (12/6/04) | 0.1 hour | Order extending time (.25 hour requested); |
| (1/3/05) | 0.2 hour | Preparing affidavit of service (1 hour requested); |
| (1/10/05) | 0.6 hour | Status update with Collins (1.5 hours requested); |
| (4/2/05) | 4.9 hours | Reviewing answer, reading transcripts, etc. (7.5 hours requested); |
| (4/29/05) | 3.6 hours | First draft of summary judgment motion (5 hours requested); |
| (5/05) | 3.8 hours | Final draft of summary judgment motion; efiling (6 hours requested); |
| (6/05) | 8.6 hours | Reading reply, and drafting and filing response to reply (15.75 hours requested); |
| (7/19/05) | 0.1 hour | Reading Shea Bond notice of appearance (0.25 hour requested); |
| (11/8/05) | 0.5 hour | Reading order by court (1 hour requested); |
| (11/05) | 1.9 hours | Re: Motion to alter judgment (4.5 hours requested); |

---

[1] The Court found slight discrepancies in plaintiff's hourly-rate calculations. Plaintiff used 156.4 and 192.2 as the CPI-U for March 1996 and April 2004, respectively. *See* Matyi Decl. at 4. However, the Bureau of Labor Statistics website reports the CPI-U for March 1996 and April 2004 as 155.7 and 188.0, respectively. ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt (last visited May 2, 2006). Recalculating the hourly rates using plaintiff's formula (described at Matyi Decl. at 4-5, and to which defendant raises no objection), the Court has determined the adjusted hourly rates as follows: $150.93 for April 2004; $151.81 for May 2004; $152.78 for December 2004; $153.10 for January 2005; $156.23 for April 2005; $156.07 for May 2005; $156.15 for June 2005; $156.87 for July 2005; $158.64 for November 2005; and $158.00 for December 2005; $159.20 for January 2006; and $159.51 for February 2006.

| | | |
|---|---|---|
| (12/5/05) 1.0 hour | Re: Court order to deny motion (2.5 hours requested); |
| (12/12/05) 0.6 hour | Drafting meet and confer letter (2 hours requested); |
| (1/31/06) 5.2 hours | Review record re:EAJA, and drafting fees motion (9 hours requested); and |
| (2/06) 3.6 hours | Reply to opposition of fees (11.25 hours requested). |

The Court excluded all time spent related to unsuccessful attempts in contacting Ms. Collins (2 hours requested), time spent responding to the November 29, 2004, order to show cause[2] (2 hours requested), and time spent related to supplemental briefing on a summary judgment motion issue[3] (15 hours requested), as those items are either not fairly billable defendant.

In sum, the Court concludes that plaintiff is entitled to a total of 35.5 hours of attorney's fees – 0.7 hour in April 2004; .1 hour in May 2004; .1 hour in December 2004; 0.8 hour in January 2005; 8.5 hours in April 2005; 3.8 hours in May 2005; 8.6 hours in June 2005; 0.1 hour in July 2005; 2.4 hours in November 2005; 1.6 hours in December 2005; 5.2 hours in January 2006; and 3.6 hours in February 2006. Using the hourly rates set forth in footnote 1, the total fees are $5,573.85.

### C. Costs

Plaintiff also requests $166.49 in costs representing: $150.00 filing fee; $3.00 photocopying documents associated for filing; and $13.49 for mailing and service of the summons and complaint. Defendant does not object to the award of these costs, but requests that the filing fee be designated by the Court as a "cost" under 28 U.S.C. § 1920. The Court concludes that the filing fee and the photocopying of documents associated with filing the complaint are allowable as costs under 28 U.S.C. § 1920. However, neither Section 1920, nor Section 2412(d)(2)(A), appears to provide for recovery of costs associated with mailing and service of summons. Accordingly, those costs are disallowed.

**CONCLUSION**

---

[2] On November 29, 2004, the Court issued an order to show cause for failure to prosecute. Any fees and costs incurred responding to this order are not fairly taxed to defendant.

[3] Plaintiff's initial opposition to defendant's motion for summary judgment incorrectly cited 42 C.F.R. § 402(j)(1)(A) for the proposition that plaintiff was entitled to additional benefits under the 1995 application. After the Court located a regulation which appeared to support plaintiff's position, the Court ordered supplemental briefing. If plaintiff had provided the correct citation in her original papers, the further briefing would not have been required. As such, time spent related to this order was not necessary, and it is properly excluded from a fee award.

4

1  For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's
2  motion and awards $5,573.85 in attorney's fees under 28 U.S.C. § 2412, and $153.00 in costs under
3  28 U.S.C. § 1920, for a total of $5726.85.   (Docket No. 23).

**IT IS SO ORDERED.**

Dated: May 12, 2006

SUSAN ILLSTON
United States District Judge